The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROBERT VEDEROFF,<br><br>　　　　　　　Defendant. | NO. CR16-325 RSL<br><br>**GOVERNMENT'S MEMORANDUM ON RESENTENCING** |

　　　Robert Vederoff comes before the Court for resentencing after the United States Court of Appeals for the Ninth Circuit held that his prior convictions for Murder in the Second Degree and Assault in the Second Degree (with a Deadly Weapon) were not "crimes of violence" under the Sentencing Guidelines.

　　　As this Court knows, 18 U.S.C. § 3553(a) requires a sentencing judge to consider, in addition to the sentencing guideline range: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (4) the need to afford adequate deterrence; (5) the need to protect the public; (6) the need for rehabilitation; and (7) the kinds of sentences available. In consideration of those factors, specifically a balance of the seriousness of the offense and Mr. Vederoff's criminal history against his positive strides toward rehabilitation, the United

*United States v. Robert Vederoff*, CR16-325 RSL
Government's Memorandum on Resentencing - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States recommends a sentence of 42 months' imprisonment followed by three years of supervised release.

This Court previously balanced the § 3553(a) factors in this case and determined that "the right sentence is a five-year prison term," which the Court imposed as "either a departure downward from a range that's too high or a departure upward from a range that's too low." (Dkt. 31 at pp. 22-23.) One of the significant factors that the Court considered was the nature of Mr. Vederoff's criminal history. Regardless of whether murder and assault with a deadly weapon are categorically considered "crimes of violence" under the Sentencing Guidelines, it is generally more serious for a person to unlawfully possess a firearm after having been convicted of a violent crime. In those circumstances, the risk that the firearm will be used to commit another violent crime is higher, meaning that the danger to the public is more acute.[1]

The seriousness of Mr. Vederoff's criminal history and risk of recidivism notwithstanding, it is also appropriate for the Court to consider his post-conviction rehabilitation, as described in Probation's Recommendations for Resentencing. *Pepper v. United States*, 562 U.S. 476, 490 (2011). Based on the information provided, Mr. Vederoff's positive behavior and proactive efforts to avail himself of programming while incarcerated appear to exceed that of other defendants who would otherwise be considered similarly situated.

//
//
//
//
//

---

[1] United States Sentencing Commission: Recidivism Among Federal Violent Offenders (finding that "violent offenders generally recidivate more quickly and at a higher rate compared to most other offenders") (available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190124_Recidivism_Violence.pdf).

*United States v. Robert Vederoff*, CR16-325 RSL
Government's Memorandum on Resentencing - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

For the foregoing reasons, the United States respectfully asks the Court to sentence Mr. Vederoff to 42 months in custody, followed by three (3) years of supervised release.

DATED this 13th day of June, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Jessica M. Manca*
JESSICA M. MANCA
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-4397
Email: Jessica.Manca@usdoj.gov

*United States v. Robert Vederoff*, CR16-325 RSL
Government's Memorandum on Resentencing - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the attorney of record for the defendant.

*s/ Jessica M. Manca*
JESSICA M. MANCA
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-4397
Email: Jessica.Manca@usdoj.gov

*United States v. Robert Vederoff*, CR16-325 RSL
Government's Memorandum on Resentencing - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970